IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARIANA R. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. 3:17-cv-434 |
| | ) | |
| JUSTIN D. KRAUSZ, | ) | |
| JARED MISSEY, | ) | |
| ROBERT CARPENTER, and | ) | |
| THE VILLAGE OF MARVILLE, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ARIANA R. JORDAN, by and through her attorneys, Brian L. Polinske and Polinske & Associates, P.C., and for her Complaint against the Defendants, Village of Maryville and Justin D. Krausz states and alleges as follows:

## INTRODUCTION

This action is brought seeking redress for violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and for violations of Illinois common law. Specifically, Plaintiff is seeking damages that resulted when she was arrested and charged with both the criminal felony offense of Child Abduction and misdemeanor Violation of an Order of Protection by Maryville Police Department and the Madison County State's Attorney despite never personally present in the State of Illinois. Therefore, she was not within personal jurisdiction of either above-described entities for purposes of criminal prosecution on the

felony Child Abduction charge. She was further not in violation of the Order of Protection for which she was charged either. On October 14, 2016 the Plaintiff's motion to dismiss was granted for the criminal charge of Child Abduction. On April 20, 2017 the charge of Violation of an Order of Protection was dismissed.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 and 1343 (a)(3), as the federal claims are brought under 42 U.S.C Section 1983. Venue is proper pursuant to 28 U.S.C. Section 1391(b), as all or some of the parties reside in the Southern District of Illinois and the events giving rise to the claims occurred in this District. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a), as the claims arise out of the same nucleus of operative facts.

## THE PARTIES

2. The Plaintiff Ariana Jordan, is a California citizen who at all times relevant resided in either Missouri or California and who at all times enjoyed the rights enumerated under the Constitution of the United States.

3. Defendant Village of Maryville is a body politic under the laws of the State of Illinois.

4. Defendants Justin D. Krausz at all relevant times was employed as a police officer by Defendant Village of Maryville. He acted under color of law, and within the scope of said employment.

5. Defendant Jared Missey at all relevant times was employed as a police officer by Defendant Village of Maryville. He acted under color of law, and within the scope of said employment.

6. Defendant Robert Carpenter at all relevant times was employed as Chief of Police by Defendant Village of Maryville. He acted under color of law, and within the scope of said employment.

## FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

7. On or about June 7, 2016 the Plaintiff discovered she had a felony charge for Child Abduction pending against her from Madison County, Illinois (ref. case no. 15 CF 1192). The charge had been filed against her May 22, 2015 but she was never made aware of same until the above-stated date. On June 7, 2016 she made travel plans to surrender herself to the Maryville Police Department on the active felony warrant. She did so on or about June 10, 2016.

8. While being processed on the felony warrant she was served for the first time with an Order of Protection that was filed on May 19, 2015 by Petitioner Chad Little who is the biological father of the minor whom is the subject of the Child Abduction charge (ref. Madison County case no. 15 OP 490). She had not been served with the Order of Protection until June 10, 2016.

9. Illinois law states criminal jurisdiction exists only under the provisions of 720 ILCS 5/1-5. That statute states a person is subject to criminal jurisdiction only when "he commits, while either within or outside the State by his own conduct or that of another for which he is legally accountable, if:

1. the offense is committed either wholly or partly within the State; or
2. the conduct outside the State constitutes an attempt to commit an offense within the State; or
3. the conduct outside the State constitutes a conspiracy to commit an offense within the State, and an act in furtherance of the conspiracy occurs in the State; or
4. the conduct within the State constitutes an attempt, solicitation or conspiracy to commit in another jurisdiction an offense under the laws of both this State and such other jurisdiction."

10. Defendant Krausz had no probable cause to believe the Plaintiff had conducted any act giving rise to criminal liability within the State of Illinois. He therefore had no probable cause to believe the Plaintiff had committed the felony offense of Child Abduction.

11. The Plaintiff, after voluntarily surrendering herself on the charge, was taken into custody, required to post bond, ordered to appear in court, and was required to take time off work and expend other sums in order to address the felony charge.

12. On October 14, 2016 her motion to dismiss was granted, thereby terminating the Child Abduction charge in her favor.

13. On or about October 11, 2016 Officer Missey charged the Plaintiff with the criminal offense of Violation of an Order of Protection (ref: Madison County Case No. 16CM500212). He alleged that she violated the terms of the order of protection in that she contacted Chad Little via various means.

14. Had Officer Krausz conducted an investigation into the wording of the Order of Protection it would have become apparent to him that the Plaintiff was entitled to contact Chad Little for visitation purposes (see copy attached hereto and labeled Plaintiff's Exhibit 1). The Order of Protection specifically stated that the Missouri custody order (see copy attached hereto and labeled Plaintiff's Exhibit 2) in place controlled contact between the parties for visitation of the minor child.

15. The charge of Violation of Order of Protection was dismissed on April 20, 2017.

COUNT I – FOURTH AMENDMENT
FALSE ARREST
42 U.S.C. Section 1983 Versus Defendant Krausz

16. Plaintiff realleges and incorporates paragraphs 1 through 10 as stated above.

17. The Fourth Amendment to the United States Constitution states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

18. At all relevant times Defendant Krausz acted under color of law in that he was a sworn officer of the Maryville Police Department who was acting within the scope of his employment.

19. Defendant Krausz caused Plaintiff to be arrested when he brought forward the request to charge her with Child Abduction to the Madison County States Attorney.

20. At the time he brought forward his request to charge Plaintiff he should have known that the Plaintiff had not subjected herself to criminal prosecution within the State of Illinois on Child Abduction charges for the above-stated facts.

21. Defendant Krausz' actions proximately caused the Plaintiff to suffer mental anguish, and emotional distress as well as financial loss.

WHEREFORE, Plaintiff, demands judgment against the Defendant Krausz and an award of:

A. Emotional pain and suffering.

B. An award of attorney's fees pursuant to section 1988.

C. An award of costs necessary for the prosecution of this case including but not limited to expert witness fees.

D. punitive damages in a sum in excess of $100,000.00.

COUNT II – FOURTH AMENDMENT
FALSE ARREST
42 U.S.C. Section 1983 Versus Defendant Missey

22. Plaintiff realleges and incorporates paragraphs 1 through 10 as stated above.

23. The Fourth Amendment to the United States Constitution states "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

24. At all relevant times Defendant Missey acted under color of law in that he was a sworn officer of the Maryville Police Department who was acting within the scope of his employment.

25. Defendant Missey caused Plaintiff to be arrested when he filed the misdemeanor complaint for Violation of an Order of Protection on or about October 11, 2017.

26. At the time he brought forward his request to charge Plaintiff he should have known that the Plaintiff had not acted in such a manner as to create probable cause to believe she had committed the above-stated criminal offense.

27. Defendant Missey's actions proximately caused the Plaintiff to suffer mental anguish, and emotional distress as well as financial loss.

WHEREFORE, Plaintiff, demands judgment against the Defendant Missey and an award of:

A. Emotional pain and suffering.

B. An award of attorney's fees pursuant to section 1988.

C. An award of costs necessary for the prosecution of this case including but not limited to expert witness fees.

D. Punitive damages in a sum in excess of $100,000.00.

## COUNT III – FAILURE TO TRAIN
## Versus Defendant Village of Maryville

28. In support of this count Plaintiff restates and realleges paragraphs 1 through 27 *infra*.

29. The Defendant Maryville's police department training was inadequate to train its officers to properly determine which subjects are within the purview of 720 ILCS 5/1-5 and what constitutes the offense of Violation of an Order of Protection.

30. The Defendant Village of Maryville's police department, knew or should have known that more training was needed to avoid likely Fourth Amendment constitutional violations, or that it should have been obvious to it. In other words Defendant Village of Maryville was deliberately indifferent towards the unconstitutional charge and subsequent arrests effectuated upon subjects in contravention of the subject's Fourth Amendment rights.

31. The Defendant Village of Maryville's police department failure to provide adequate training caused a deprivation of Plaintiff's Fourth Amendment right against unreasonable search and seizure in both the Child Abduction and Violation of an Order of Protection charges.

WHEREFORE, Plaintiff, demands judgment against the Defendant Village of Maryville and an award of:

A. Emotional pain and suffering.

B. An award of attorney's fees pursuant to section 1988.

C. An award of costs necessary for the prosecution of this case including but not limited to expert witness fees.

D. Punitive damages in a sum in excess of $100,000.00.

COUNT IV – STATE LAW CLAIM – INDEMNIFICATION

32. Plaintiff realleges and incorporates paragraphs 1 through 31 as stated above.

33. Pursuant to Section 9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable. 745 ILCS 10/9-102.

34. Robert Carpenter, in his official capacity as the Chief of Police for Maryville, and Village of Maryville are local public entities as defined in the Act. 745 ILCS 10/1-206.

35. Defendant Justin Krausz at all relevant times was an "employee" of the Maryville Police Department and the Village of Maryville as defined by the Act. 745 ILCS 10/1-202.

36. At all relevant times, Defendant Justin Krausz within the scope of his employment with Maryville Police Department and the Village of Maryville.

37. Pursuant to the Act, the Village of Maryville is also required to pay any judgment or settlement entered against Justin Krausz, in his official capacity as a Maryville Police Department officer.

WHEREFORE, Plaintiff Ariana Jordan demands judgment against Defendants Robert Carpenter and the Village of Maryville, as indemnors, in the amount awarded to Plaintiff against any and all individual Defendants, as damages, attorney's fees, costs and interest, and/or for any settlement entered into between Plaintiff and the Defendants.

PLAINTIFF DEMANDS A JURY OF TWELVE

Respectfully submitted,
Polinske & Associates, P.C.,

BY: /s Brian L. Polinske

701 North Main Street
Edwardsville, IL 62025
(618) 692-6520
06211450